FILED
February 25, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **KALICO TOSHIYUKI KING CANO,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | **NO. SA-26-CV-01126-OLG** |
| § | |
| **EXECUTIVE OFFICE FOR** § | |
| **IMMIGRATION REVIEW** *et al.*, § | |
| § | |
| **Respondents.** § | |

## ORDER

Before the Court is Petitioner Kalico Toshiyuki King Cano's Motion for Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction, filed February 22, 2026. The Motion (Dkt. No. 3) is **DENIED** for the following reasons.

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (citation modified). "The Court may issue a preliminary injunction if the movant establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest." *Id.* at 645. Petitioner cannot meet the first element.

First, the Fifth Circuit recently rejected the argument that 8 U.S.C. § 1226(a) governs the detention of aliens, like Petitioner, who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled and are presently detained during the pendency of their removal proceedings. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); (*see also* Dkt. No. 2 at 2; Dkt. No. 7 at 2.) Second, although there are constitutional limitations on the permissible length of detention for aliens

subject to a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 530. As such, Petitioner's duration-based challenge is unavailing here, where his detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *See Maramba v. Mukasey*, No. 3:08-CV-0351-K, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008) (finding "continued detention under § 1226(a)" did not "raise[] due process concerns" because it "ha[d] a definite termination point and, thus, [was] neither 'indefinite' nor 'potentially permanent.'") (quoting *Zadvydas*, 533 U.S. at 527–28). In sum, Petitioner cannot establish a substantial likelihood of success on the merits.

Finally, when the injunctive relief sought on an ex parte and preliminary basis is identical to the ultimate relief sought on the merits of this already-expedited habeas proceeding, the Court has routinely denied such motions and proceeded directly to the merits of the habeas petition itself. *See Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, Order Denying Motion for TRO and Preliminary Injunction, (W.D. Tex. Oct. 30, 2025) (collecting cases); *see also Chambliss v. Ashcroft*, No. 3:04-CV-298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommending preliminary injunction be denied and habeas briefing be expedited because the preliminary relief was "the same as the relief sought through the habeas petition"), *report and recommendation adopted*, No. CIV.A. 3:04-CV-298D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted."

(emphasis added)); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("[T]he office of the writ is to provide a prompt and efficacious remedy, . . . . [and] must not be allowed to founder in procedural morass." (citation modified)).

It is so **ORDERED**.

**SIGNED** on February 25, 2026.

                                               ORLANDO L. GARCIA
                                               United States District Judge